**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,**<br>**Plaintiff,** | § § § § | |
| **v.** | § | **Civil Action No. 4:26-cv-9606** |
| **JARRETT C. CONERLY, WOODLAND PINES OWNERS ASSOCIATION, INC. and THE UNITED STATES OF AMERICA *EX REL*. SECRETARY OF HOUSING AND URBAN DEVELOPMENT, SCOTT TURNER**<br>**Defendants.** | § § § § § § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff JPMorgan Chase Bank, National Association ("Plaintiff" or "JP Morgan Chase"), its successors and assigns files this its Original Complaint against Defendant Jarrett C. Conerly, Woodland Pines Owners Association, Inc., and The United States of America *ex rel.* Secretary of Housing and Urban Development, Scott Turner ("Defendants"), and respectfully shows the Court as follows:

## I. PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Defendant Jarrett C. Conerly ("Borrower") is a borrower and obligor under the subject Loan Agreement. He may be served with process at 1811 Macondray Dr., Humble, Texas 77396 or wherever he may be found. Summons is requested.

3. Defendant Woodland Pines Owners Association, Inc., ("HOA") is a Texas corporation and is named in this suit in rem only as a junior lien holder on the property named

below. Woodland Pines Owners Association, Inc., may be served with process c/o its registered agent Williams ACMI Ventures, LP (DBA ACMI) at 12603 Louetta Rd., Ste 101, Cypress, TX 77429. Summons is requested.

4. Defendant United States of America *ex. rel.* Secretary of Housing and Urban Development, Scott Turner ("HUD") is an executive department of the United States and is named in this suit in rem only as a junior lien holder on the property named below. The Secretary of Housing and Urban Development may be served process by sending a copy of the citation and complaint via registered or certified mail (a) addressed to the Civil Process Clerk at the United States attorney's office for the Southern District of Texas at 1000 Louisiana, Ste. 2300, Houston, Texas 77002; and (b) to the Attorney General of the United States at 950 Pennsylvania Avenue, Washington, D.C. 20530-0001 and (c) to the U.S. Department of HUD, Little Rock Field Office, Richard Sheppard Arnold United States Courthouse, Attn: Office of Regional Counsel, 600 W. Capitol Ave., Ste. #A400, Little Rock, AR 72201. The Citation and Petition will also be sent electronically to HUD's Office of Regional Counsel for Region VI (Texas) at littlerockforeclosures@hud.gov. Summons is requested.

## II. PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 1811 Macondray Dr., Humble, Texas 77396 (the "Property"), and more particularly described as follows:

> LOT TWENTY (20), IN BLOCK TWO (2), OF WOODLAND PINES, SECTION FIVE (5), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED AT FILM CODE NO. 609230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

## III. JURISDICTION AND VENUE

**A. Jurisdiction under 28 U.S.C. § 2410.**

6. The Court has original jurisdiction over a federal question pursuant to 28 U.S.C. Section 2410 because HUD is an executive department of the United States and has a junior lien on the Property.

**B. Diversity Jurisdiction.**

7. This Court further has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

8. Plaintiff, JPMorgan Chase Bank, National Association is a national banking association. A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office as set forth in its articles. See 28 U.S.C. § 1446(b)(1). See also Thompson v. Deutsche Bank Nat'l Tr. Co., 775 F.3d 298, 303 (5th Cir. 2014) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) see also Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011) (For purposes of determining citizenship, "[e]vidence of a person's place of residence is prima facie proof of his domicile."). JPMorgan Chase Bank, National Association's main office as designated in its articles of association is in Columbus, Ohio. Accordingly, JPMorgan Chase Bank, National Association, is a citizen of Ohio.

9. Defendant Jarrett C. Conerly is citizen of Texas. Defendant is an individual who resides at 1811 Macondray Dr., Humble, Texas 77396 and is domiciled in Harris County. Therefore, Defendant Jarrett C. Conerly is a citizen of Texas for diversity purposes.

10. Defendant Woodland Pines Owners Association, Inc., is a corporation incorporated

in the State of Texas with its principal place of business at 12603 Louetta Rd., Ste 101, Cypress, TX 77429. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Therefore, Woodland Pines Owners Association, Inc., is a citizen of Texas for diversity purposes.

11. Defendant HUD is an executive department of the United States created by Congress pursuant to 42 U.S.C. §3532. Therefore, HUD is a citizen of Washington, D.C.

12. Because Plaintiff is a citizen of Ohio and Defendants are citizens of Texas and Washington D.C., there is complete diversity among the parties. See 28 U.S.C. § 1332(c)(1).

**C. The amount in controversy exceeds $75,000.**

13. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the lien interest is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met.

14. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); see also *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

15. Here, the value of the right to be protected is enforcement of a mortgage lien through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of the Property, or the proceeds of a foreclosure sale. If Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. The Harris County Central

Appraisal District ("Harris County CAD") values the Property at $267,873.00. Thus, rights to the entirety of the Property exceed $75,000.00. A true and correct copy of the Harris County CAD Value is attached hereto as **Exhibit A**.

**D. Venue**

16. Venue is proper in the Southern District of Texas, Houston Division, because this suit concerns title to real property located in Harris County, Texas. *See* 28 U.S.C. §§ 124(b)(2), 1391 (b)(2).

## IV. FACTS

17. On or about April 13, 2010, Jarrett C. Conerly ("Borrower") executed a Note ("Note") in the principal amount of $124,517.00 in favor of Cornerstone Mortgage Company bearing interest at 5.25% per annum. A true and correct copy of the Note is attached hereto as **Exhibit B**.

18. Concurrently with the execution of the Note, Borrower executed a Deed of Trust ("Security Instrument") (collectively, the "Loan Agreement"), as grantor, granting Mortgage Electronic Registration Systems, Inc., ("MERS") as designated nominee for Cornerstone Mortgage Company, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Harris County, Texas as Document No. 20100152862 on April 19, 2010. A true and correct copy of the Security Instrument is attached hereto as **Exhibit C**.

19. Subsequently, on July 26, 2012 MERS transferred and assigned the Loan Agreement to Wells Fargo Bank, NA. The Assignment of Deed of Trust was recorded in the Official Public Records of Harris County, Texas as Document No. 20120336421 on July 27, 2012. A true and correct copy of this assignment is attached hereto as **Exhibit D**.

20. On February 17, 2026, Wells Fargo, NA transferred and assigned the Loan Agreement to JP Morgan Chase Bank, National Association. The Assignment was recorded in the Official Public Records of Harris County, Texas as Document No. RP-2026-58123 on February 17, 2026. A true and correct copy of this assignment is attached hereto as **Exhibit E**.

21. On June 8, 2018, Borrower executed a Home Affordable Modification Aggreement which modified the terms of the original Loan Agreement. The modification was recorded in the Official Public Records of Harris County, Texas as Document No. RP-2018-296046 on July 2, 2018. A true and correct copy of the Home Affordable Modification Aggreement is attached hereto as **Exhibit F**.

22. On April 10, 2025, Borrower executed a second Loan Modification Agreement which modified the terms of the original Loan Agreement. The modification was recorded in the Official Public Records of Harris County, Texas as Document No. RP-2025-236651 on June 20, 2025. A true and correct copy of the Loan Modification Agreement is attached hereto as **Exhibit G**.

23. On September 15, 2021 Borrower executed a Partial Claim Deed of Trust securing a loan with Defendant HUD in the amount of $24,670.68 and a maturity date of July 1, 2048. Said Partial Claim Deed of Trust was recorded in the Official Records of Harris County on October 7, 2021 as Document No. RP-2021-579319. A true and correct copy of the Partial Claim Deed of Trust is attached hereto as **Exhibit H**.

24. On April 10, 2025 Borrower executed a Partial Claim Mortgage securing a loan with Defendant HUD in the amount of $9327.79 and a maturity date of April 1, 2065. Said Partial Claim Deed of Trust was recorded in the Official Records of Harris County on June 10, 2025 as Document No. RP-2025-220930. A true and correct copy of the Partial Claim Mortgage is

attached hereto as **Exhibit I**.

25. Under the terms of the Loan Agreement, Borrower is required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

26. The Loan Agreement further provides that should the Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all covenants and conditions of the Security Instrument, then the lender may enforce the Security Instrument and sell the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

27. The Note required Borrower to make payments beginning on June 1, 2010, with the loan maturing on May 1, 2040.

28. The Loan Agreement is currently due for November 1, 2025, and all subsequent monthly payments. Notice of Default was sent via certified mail to the Borrower at the Property Address in accordance with the Loan Agreement and the Texas Property Code on May 19, 2026. A true and correct copy of the notice of default is attached hereto as **Exhibit J**.

29. The default was not cured, and the maturity of the debt was accelerated. On September 4, 2026, Plaintiff, through counsel, sent a Notice of Acceleration of Loan Maturity ("Notice of Acceleration") to the Borrower by regular and certified mail to the Property address. A true and correct copy of this notice is attached hereto as **Exhibit K**.

30. The Loan is now past due for the November 1, 2025 payment and all subsequent payments accrued. Payment of the past due balance on the debt has not been received by Plaintiff. The total amount to pay off the Loan as of October 1, 2026 was $113,235.93, subject to additional interest, fees, and costs as authorized by the Loan. A true and correct copy of the payoff statement

is attached hereto as **Exhibit L**.

31. On or about June 25, 2025, the Woodland Pines Owners Association, Inc. ("HOA"), executed a Notice of Unpaid Maintenance Assessments in the amount of $835.02 which was filed July 24, 2025 in the Official Records of Harris County under File No. RP-2025-288544. A true and correct copy of the lien is attached hereto as **Exhibit M**.

32. All conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

33. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the property.

## V. CAUSE OF ACTION – DECLARATORY JUDGMENT

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Plaintiff seeks a declaratory judgment allowing it to proceed with the non-judicial foreclosure sale of the Property. Plaintiff seeks a declaratory judgment that establishes (1) that all conditions precedent to foreclose on the Property occurred; (2) that the loan is in default; (3) that Plaintiff, as mortgagee, is entitled to proceed with its foreclosure proceedings; and (4) that the requisite notices were sent as required by the Deed of Trust and the Texas Property Code.

36. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the

most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

37. Additionally, Plaintiff seeks a declaration from the Court that its lien interest in the Property is superior to the lien interests of Defendants HUD and Woodland Pines Owners Association, Inc. Plaintiff's Deed of Trust was recorded in the Harris County real property records on April 19, 2010. HUD's Partial Claim Deed of Trust was not recorded until October 7, 2021 and its Partial Claim Mortage was not filed until June 10, 2025. Woodland Pines Owners Association, Inc.'s Notice of Unpaid Maintenance Assessments was not recorded until July 24, 2025.

38. Based on the foregoing, Plaintiff's lien has priority over the liens of Defendants HUD and Woodland Pines Owners Association, Inc., because Plaintiff's lien was recorded prior to the recording of the HUD and HOA liens. As such, Plaintiff's lien is "first in time, first in right." See *Ector Cnty. Appraisal Dist. v. Meza*, No. 17-CV-00046, 2018 U.S. Dist. LEXIS 248709 *11 (5th Cir. July 27, 2018) (citing *U.S. v. Ray Thomas Gravel Co*., 380 S.W.2d 576, 580 (Tex. 1964)).

39. Declaratory Judgment is appropriate when a real controversy exists between the parties, and the entire controversy may be determined by judicial declaration. *Spawglass Construction Corporation v. City of Houston*, 974 S.W.2d 876 (Tex. App – Houston 1998, no writ). Based on the UNIFORM DECLARATORY JUDGMENT ACT, TEX. CIV. PRAC. & REM. CODE §37.001, *et. seq.,* and the Loan Agreement, Plaintiff seeks a Declaratory Judgment from this Court with a judgment for non-judicial foreclosure of the Property pursuant to the Loan Agreement and the Texas Property Code.

40. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Deed of Trust and that, as owner and holder of the Note and beneficiary of the Deed of Trust, Plaintiff as the mortgagee is authorized to enforce the power of sale in the

Deed of Trust through foreclosure of the Property. Plaintiff requests a further declaration that is lien is superior to the HUD and HOA liens.

## VI. CAUSE OF ACTION- JUDICIAL FORECLOSURE

41. The foregoing paragraphs are incorporated by reference for all purposes.

42. In the alternative, Plaintiff seeks a judgment for judicial foreclosure of the Property. Section 51.002 of the Texas Property Code provides for the sale of real property pursuant to a security instrument with a power of sale. A lien subject to non-judicial foreclosure may also be foreclosed on by an action for judicial foreclosure. TEX. R. CIV. P. 735.3. Therefore, pleading in the alternative, Plaintiff files this claim for judicial foreclosure.

43. Plaintiff has the right to enforce the Note and Deed of Trust. Plaintiff has fully performed its obligations under the Loan Agreement. However, Decedent did not comply with the Loan by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the Loan). Notices of default and intent to accelerate and acceleration were mailed in compliance with the terms of the Loan and Texas law. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the U.S. Marshal or the sheriff or constable of Harris County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

## VII. DAMAGES

44. Based on breach of the Decedent's obligations under the Loan Agreement, Plaintiff has been damaged in an amount of at least the payoff of the Loan Agreement. That amount continues to accrue, and Plaintiff is further entitled to attorney fees, costs of court, interest, and all other fees and costs allowed to Plaintiff under the terms and conditions of the Loan Agreement.

## VIII. ATTORNEY'S FEES

45. Because of the material breach of the Loan Agreement, Plaintiff is entitled to

recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against Defendants but only as an additional debt secured by the Deed of Trust.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff JPMorgan Chase Bank, National Association prays that Defendants be cited to appear and answer the claims brought by Plaintiff, and that upon final hearing the Court enter judgment declaring JPMorgan Chase Bank, National Association's first lien mortgage as superior; ordering foreclosure of the Property; granting Plaintiff its reasonable attorneys' fees and costs; and granting Plaintiff such other relief to which it may be justly entitled.

Respectfully submitted,

By: *_/s/ John R. Osborne, Jr.*

**JOHN R. OSBORNE, JR.**
Texas Bar No. 24027708
Southern District of Texas No. 435414
jrosborne@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
**ATTORNEYS FOR PLAINTIFF**